IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    MICHAEL K. O'CONNELL :
: CASE NO.1:16-00168
: CHAPTER 13 PLAN
Debtor(s) :
: ( ) MOTION TO AVOID LIENS
: ( ) MOTION TO VALUE COLLATERAL
:
: ( ) ORIGINAL PLAN
: (X) (2nd) AMENDED PLAN 8/10/16

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE:**

( X ) The debtor will seek a discharge of debts pursuant to Section 1328(a).

( ) The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISION:**

( ) This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the debtor(s) have paid $ <u>3,356.16</u> (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $ <u>38,132.64</u> plus other payments and property state in Section 1B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Pymts | Total Payment |
    |---|---|---|---|---|
    | 9/2016 | 1/2021 | $656.16 | | $656.16 |
    | | | | | |
    | | | | | |
    | | | | | |
    | | | | | |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:   ( X ) Debtor(s) is at or under median income

    ( ) Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____
    _____

2. Other payments from any source(s) shall be paid to the Trustee as follows:
   _____
   _____

3. The Debtor estimates that the liquidation value of this estate is $_____
   (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

   A. <u>Pre –Confirmation Distributions</u>. Adequate protection payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from debtors.

   | Name of Creditor | Address | Account # | Est. Monthly Payment |
   |---|---|---|---|
   |  |  |  |  |
   |  |  |  |  |

   The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor.</u> Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| PNC Mortgage | 605 Lindenwood Lane | $1,381.00 | $161,000.00 |
| PNC Mortgage | 605 Lindenwood Lane | $299.00 | $12,000.00 |
|  |  |  |  |
|  |  |  |  |

C.     Arrears: The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Est Pre-petition Arrears to be cured | Est Post-petition arrears to be cured | Est total to be paid in plan |
|---|---|---|---|---|
| PNC Mortgage | 605 Lindenwood Lane | $20,057.12 |  | $20,057.12 |
|  |  |  |  |  |
|  |  |  |  |  |

D.     Secured Claims Paid According to Modified Terms. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN. (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

*PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims:</u> (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to Be paid In plan |
|---|---|---|---|---|
| | | | | |
| | | | | |

F. <u>Surrender of Collateral:</u> Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. <u>Lien Avoidance.</u> The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant

to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

    H.    <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>

Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

( )    Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

    (1)    Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

    (2)    Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

    (3)    Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

**3.    PRIORITY CLAIMS**
    A.    Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |
|  | $ |

B. Administrative Claims:

**(1)** **Trustee Fees.** Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

**(2)** **Attorney fees.** Check one:

(X) In addition to the retainer of $<u>0.00</u> already paid by the debtor, the amount of $<u>**3,000**</u> is to be paid in the plan. This represents the unpaid balance of the presumptively reasonable fee.

( ) $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

**(3)** **Other administrative claims.**

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

4. **UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

(X) Property of the estate will vest in the debtor upon confirmation. (not to be used with Section 2H)

( ) Property of the estate will vest in the debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

    A. <u>Student loan provisions.</u> This plan does not seek to discharge student loan(s) except as follows:

    **(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |

8. **OTHER PLAN PROVISIONS:**

    A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.) – All priority claims to PA Department of Revenue for sales taxes owed by O'Connell Flooring to be paid outside the plan prior to the completion of the plan, pursuant to the repayment agreement between O'Connell Flooring and the PA Department of Revenue. In the event of**

default under said agreement, the PA Department of Revenue may certify said default and the claim shall then be paid as a priority claim under the plan.

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: 8/10/16　　　　　　　　　　　　　　　　/s/ James H. Turner
　　　　　　　　　　　　　　　　　　　　　　　James H. Turner
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor

/s/ Michael K. O'Connell
Michael K. O'Connell

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    MICHAEL K. O'CONNELL : Case No. 1:16-00168
:

## CERTIFICATE OF SERVICE

I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of **the amended plan and notice to all creditors** listed on the attached mailing matrix.

See attached

Date: 8/11/2016

/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
4701 North Front Street
Harrisburg, PA 17110
(717) 232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
    MICHAEL K. O'CONNELL : Case No. 1:16-00168
:
    Debtor :

## NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

    Please note that a confirmation hearing has been scheduled for the Debtor on the date indicated below.

    A deadline of **September 11, 2016** has been set for objections to the confirmation of the plan. Any objections to confirmation of the plan will be heard at this hearing. Counsel should be prepared to proceed with said hearing on any unresolved objections to the Plan at this time.

| United Stated Bankruptcy Court<br>Ronald Reagan Federal Building,<br>Bankruptcy Courtroom (3rd Floor)<br>Third & Walnut Streets<br>Harrisburg, PA 17101 | Date: September 14, 2016<br><br>Time: 9:30 AM |
|---|---|

    A copy of the plan can be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

US Bankruptcy Court
Ronald Reagan Federal Building
PO Box 908
Harrisburg, PA 17108
(717)901-2800

                                                                                             /s/ James H. Turner, Esquire
Date: August 11, 2016                                                         James H. Turner, Esquire
                                                                     Turner and O'Connell
                                                                     4701 N Front Street
                                                                     Harrisburg, PA 17110
                                                                     (717)232-4551

| Label Matrix for local noticing<br>0314-1<br>Case 1:16-bk-00168-MDF<br>Middle District of Pennsylvania<br>Harrisburg<br>Tue Jun 28 12:19:06 EDT 2016 | Barleys Bank Delaware<br>125 S West Street<br>Wilmington, DE 19801-5014 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
|---|---|---|
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Chase Card Services<br>P O Box 15298<br>Wilmington, DE 19850-5298 | Charles J DeHart, III (Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036-8625 |
| Joshua I Goldman<br>KML Law Group, P.C.<br>701 Market Street<br>Suite 5000<br>Philadelphia, PA 19106-1541 | Jeanine H. O'Connell<br>605 Lindenwood Lane<br>Harrisburg, PA 17113-1031 | M&T BANK<br>PO BOX 1508<br>BUFFALO, NEW YORK 14240-1508 |
| MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Merrick Bank<br>C/O CMS<br>PO Box 9201<br>Old Bethpage, NY 11804-9001 | Michael K O'Connell<br>605 Lindenwood Lane<br>Harrisburg, PA 17113-1031 |
| PNC BANK N.A.<br>PO BOX 94982<br>CLEVELAND, OH 44101-4982 | PNC Bank, National Association<br>c/o PNC Mortgage, a division of PNC Bank<br>Attn: Bankruptcy Department<br>3232 Newmark Drive<br>Miamisburg, OH 45342-5421 | PNC Mortgage<br>6 N Main St<br>Dayton, OH 45402-1908 |
| Pennsylvania Department of Revenue<br>Bankruptcy Division PO Box 280946<br>Harrisburg, PA 17128-0946 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Recovery Management Systems Corporation<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | State Collection Service<br>2509 S Stoughton Rd<br>Madison, WI 53716-3314 | Joseph J. Swartz<br>Pennsylvania Department of Revenue<br>P.O. Box 281061<br>Harrisburg, PA 17128-1061 |
| James H Turner<br>Turner and O'Connell<br>4701 North Front Street<br>Harrisburg, PA 17110-1711 | United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Capital One Bank NA<br>15000 Capital One Drive<br>Richmond, VA 23238 | (d)Capital One Bank NA<br>15000 Capital One Drive<br>Richmond, VA 23238 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk, VA 23541 |
|---|---|---|